# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| BERNHARD MECHANICAL CONTRACTORS, INC. | * | CIVIL ACTION NO. 07-1919 |
| VERSUS | * | JUDGE MELANÇON |
| AMERICAN ARBITRATION ASSOCIATION, INC. | * | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

Pending before the undersigned for report and recommendation are the "Motion to Remand" filed by plaintiff, Bernhard Mechanical Contractors, Inc. ("BMC"), on November 30, 2007 [rec. doc. 7], and the "Motion to Dismiss Under Rule 12(b)(6), or, Alternatively, under Rule 12(b)(7)", filed by defendant, American Arbitration Association, Inc. ("AAA"), on December 10, 2007 [rec. doc. 14].[1] AAA filed an opposition to the motion to remand [rec. doc. 12], to which BMC filed a reply. [rec. doc. 21].  BMC filed opposition to the motion to dismiss.  [rec. doc. 22].

On January 16, 2008, the undersigned held oral argument on the motions, and took them under advisement. [rec. doc. 23].  For the following reasons, I

---

[1] The motion to stay was denied by Judge Melançon by Order dated December 4, 2007. [rec. doc. 11].

recommend that the motion to remand be **DENIED**, and that the motion to dismiss be **GRANTED**.

## FACTUAL BACKGROUND

On August 18, 2006, BMC filed a Demand for Arbitration against W. G. Yates & Sons Construction Company ("Yates").  [rec. doc. 7, Exhibit A]. The dispute arose out of  a contract between the mechanical work subcontractor, BMC, and the general contractor, Yates, for building the new Evangeline Downs Racetrack and Casino in St. Landry Parish, Louisiana. [rec. doc. 7, Exhibit A]. The amount sought in the arbitration was $307,354.60. [rec. doc. 7, Exhibit A, ¶¶ 2, 13].

Within the demand for arbitration, BMC asserted that the proper venue for the arbitration was Opelousas, Louisiana.  [rec. doc. 7, Exhibit A, ¶ 12].  By letter dated September 15, 2006, the AAA indicated that the arbitration hearing would be conducted in Opelousas. [rec. doc. 7, Exhibit A].

On August 3, 2007, Yates filed an objection to the venue, contending that the arbitration should be held in Philadelphia, Mississippi. [rec. doc. 7, Exhibit B]. By letter dated September 26, 2007, AAA notified the parties that the arbitration hearing would be held in Philadelphia, Mississippi. [rec. doc. 7, Exhibit C].  BMC

requested reconsideration of the AAA's determination that the arbitration would occur in Mississippi [rec. doc. 7, Exhibit D], which was denied.

On October 25, 2007, BMC filed an action against AAA in the 27th Judicial District Court for the Parish of St. Landry, State of Louisiana, entitled "Motion for Stay Arbitration Proceeding and for Preliminary Injunction." [rec. doc. 7, Exhibit E]. In this lawsuit, BMC requested that the state court stay the arbitration and direct AAA to comply with its previous ruling of September 15, 2006, and hold the arbitration hearing in Opelousas, Louisiana. [rec. doc. 7, Exhibit E]. On November 15, 2007, AAA removed the action to this court on the basis of diversity jurisdiction under 28 U.S.C. § 1332, and under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*. [rec. doc. 1].

On November 30, 2007, BMC filed a motion to remand this action on the basis that it was seeking an injunction, not a monetary award. [rec. doc. 7]. Thus, BMC argues, the jurisdictional amount necessary for this Court to exercise its diversity jurisdiction cannot be established by AAA.

On December 10, 2007, AAA filed a motion to dismiss on the grounds that AAA has "arbitral immunity" from suit. [rec. doc. 14]. Alternatively, AAA argues that BMC failed to join Yates, which it asserts is an indispensable party.

3

## LAW AND ANALYSIS

### Motion to Remand

BMC argues that this case should be remanded, because it seeks injunctive relief, not a monetary award sufficient to meet the jurisdictional amount of $75,000.00 required for this Court to exercise its diversity jurisdiction. AAA asserts that the Court must look to the amount in controversy in the underlying arbitration, $301,354.60, which amount exceeds the requisite jurisdictional amount.   The undersigned agrees with the AAA.

The Fifth Circuit addressed a similar issue in *Webb v. Investacorp., Inc.*, 89 F.3d 252 (5th Cir. 1996).  There, the plaintiffs sought a declaratory judgment in a Texas state court, which was removed by the defendant to federal district court on the basis of diversity.  The plaintiffs filed a motion to remand, asserting that the amount in controversy was not met because "a declaratory judgment would not result in any direct pecuniary gain or loss to" the defendant.  *Id.* at 255.

After considering authorities from other circuit and district courts, the Fifth Circuit held that the amount in controversy in an arbitration case, for the purpose of diversity jurisdiction, is the amount of the potential award in the underlying arbitration proceeding.  *Id*. at 256.  Because the underlying claim was more than the jurisdictional amount, the court found that removal on the basis of diversity

4

jurisdiction was proper.  *Id*. at 257.

Here, the amount of the potential award in the underlying arbitration proceeding is $301,354.60.  This clearly exceeds the jurisdictional amount required for the exercise of this court's diversity jurisdiction. Therefore, this case was properly removed to this court. Accordingly, the undersigned recommends that the motion to remand be **DENIED**.

## **Motion to Dismiss**

AAA asserts that BMC has no cause of action against it, because AAA has "arbitral immunity" from suit.  Alternatively, AAA argues that this suit should be dismissed  because BMC failed to join an indispensable party, Yates.

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must liberally construe the complaint in favor of the plaintiff, assuming all factual allegations to be true.  *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002); *Leleux v. United States*, 178 F.3d 750, 754 (5th Cir. 1999).  A complaint may not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Id*. (*quoting Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)).

AAA argues that because it is immune from suit, this action should be dismissed.  The concept of judicial immunity has been extended to provide the arbiter

in an arbitration proceeding with the immunity from suit by the Fifth Circuit, as well as other federal courts of appeal. *See Jason v. American Arbitration Association, Inc*., 62 Fed.Appx. 557, 2003 WL 1202934 (5th Cir., March 7, 2003). Arbitral immunity "is essential to protect decision-makers from undue influence and the process from reprisals by dissatisfied litigants." *Id*. ( *New England Cleaning Serv., Inc. v. American Arbitration Ass'n,* 199 F.3d 542, 545 (1st Cir. 1999)). The organizations that sponsor arbitrations are entitled to immunity from civil liability, as well as with regard to the tasks that they perform that are integrally related to the arbitration. *Id*.

The Fifth Circuit has consistently held that claims against the AAA are barred by arbitral immunity. *Smith v. American Arbitration Association, Inc.*, 166 Fed.Appx. 109, 2006 WL 272540 (5th Cir., Feb. 6, 2006) (arbitrator immune regarding disposition of motion for contempt ); *Hudson v. American Arbitration Association, Inc.*, 101 Fed.Appx. 947, 2004 WL 1367591 (5th Cir., June 17, 2004) (equal protection for claims of misdeeds by the AAA barred by arbitral immunity); *Jason, supra* (arbitral immunity barred claims against AAA for failing to administer arbitration in fair and equitable manner); *Hawkins v. National Association of Securities Dealers, Inc*., 149 F.3d 330 (5th Cir. 1998) (claims against National Association of Securities Dealers for bias, failure to properly administer arbitration

6

proceeding, and conspiracy barred by arbitral immunity).

BMC argues that unless it is allowed to litigate the issue raised in this lawsuit, at this stage of the proceedings, it will effectively lose its right to ever complain on this issue.  BMC cites the Ninth Circuit opinion of *Aerojet-General Corp. v. American Arbitration Association*, 478 F.2d 248, 251 (9th Cir. 1973) in support of its position that suit against the arbiter is proper in this limited circumstance.  In *Aerojet-General*, the Ninth Circuit held that the language in the AAA Commercial Arbitration Rules that its determination as to locale is "final and binding" did not preclude a limited judicial inquiry into whether that determination was made in accordance with a minimum standard of fair dealing.

The undersigned is not without sympathy for BMC's argument.  Effectively, in all likelihood, BMC's right to contest the arbitration venue selected by the AAA will be precluded unless suit against the AAA is allowed at this stage of the arbitration proceeding.  However, in view of the strong language appearing in the opinions of the Fifth Circuit regarding "arbitral immunity", the undersigned is unconvinced by the citation to *Aerojet-General*, a Ninth Circuit opinion.

Based on the strong Fifth Circuit precedent in favor of "arbitral immunity", the undersigned is compelled to find that BMCs claims, here, are barred by "arbitral

immunity".[2]  Accordingly, I recommend that a AAA's motion to dismiss be **GRANTED**.

**<u>Conclusion</u>**

Based on the foregoing, it is recommended that the motion to remand filed by plaintiff, BMC, be **DENIED**.  It is further recommended that the motion to dismiss filed by defendant, AAA, be **GRANTED,** and that this case be **DISMISSED WITHOUT PREJUDICE**.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN TEN (10) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING EITHER THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR. *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3d. 1415 (5th Cir. 1996).**

---

[2]Because I find that BMC's are barred by immunity, it is unnecessary to address the issue of whether Yates is an indispensable party.

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Signed this 19th day of February, 2008, at Lafayette, Louisiana.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

9